24 C.C.P.A.(Patents)

### In re STACEY.

### Patent Appeal No. 3712.

Court of Customs and Patent Appeals.

Feb. 1, 1937.

W. E. Beck, Jr., of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims Nos. 13 to 16, inclusive, in appellant's application for a patent for an alleged invention relating to an apparatus for conditioning air.

Appellant's apparatus is described by the Primary Examiner as follows:

"A plurality of spray nozzles are provided to spray water into a stream of air passing through a conduit. As shown in fig. 1 of applicant's drawing, boiler A heats the spray water by means of a pipe 28 submerged in the spray water reservoir 24. The heating medium of the boiler does not mix with the spray water but merely transfers its heat thereto through heat exchanger coil 28. The boiler is also used to heat the air after spraying operation. Heat exchangers 10 and 11 are connected to the boiler for such purpose.

"The air spraying means comprises a plurality of tubular members having nozzles 37 mounted thereon. A pump is provided to supply the water from the reservoir to the nozzles. The spray means is positioned in an air duct and a fan draws air from the rooms, through the air conditioning means, and returns it to the rooms."

The particular novel feature upon which appellant depends is defined in the following language: "* * * a sustained film of water extending a considerable distance in advance of the nozzle and said nozzles are so spaced relatively that the cone discharge of each nozzle intersects the cone discharges of all the nozzles which immediately surround it at points within the limits of said sustained films of water."

At the time of the oral arguments in this court, counsel for appellant moved that the appeal be dismissed as to appealed claims 13 and 14. The motion is granted.

Claims 15 and 16, which are before us for consideration, read:

"15. In apparatus of the class described, a conduit, means for forcing air through

said conduit, and means for forming and maintaining a sustained film of water having a plurality of pockets and extending completely across said conduct in all directions, said last means including a plurality of nozzles having diverging sustained film discharges respectively and relatively positioned to cause the discharge of each nozzle to intersect the discharges of all the nozzles immediately surrounding it at points within the extent of the sustained film of the discharges of the nozzles.

"16. In apparatus of the class described a conduit, means for forcing air through said conduit, a hollow pipe frame within the conduit, a water supply exteriorly of the conduit, means for pumping from said supply to said frame, and a plurality of nozzles mounted on the pipe frame for discharging water as pumped to the frame, said nozzles having diverging sustained film discharges respectively and being relatively positioned to cause the discharge of each nozzle to intersect the discharges of all the nozzles immediately surrounding it at points within the extent of the sustained film discharges and thereby form a sustained film of water having a plurality of pockets therein and extending completely across the conduit in all directions."

The references relied upon are:
Dye, 420,378, January 28, 1890.
Lane, 487,279, December 6, 1892.
Cramer et al., 960,830, June 7, 1910.
Carrier, 1,059,976, April 29, 1913.
Carrier, 1,687,542, October 16, 1928.

In describing the references, the Primary Examiner said:

"Cramer et al. shows an air conditioning apparatus which insofar as the spraying arrangement is concerned is substantially the same as applicant's. Fig. 1 of the patent shows the spray nozzles and the water cone discharge is diagrammatically illustrated. It will be seen that the outer extremities of the cones intersect and it is believed that this results in a sustained film of water extending completely across the air conduit. The patentable novelty of the apparatus is predicated upon the humidity control means for regulating the spray. Since the subject matter of the present controversy in no way concerns temperature or humidity controls, it is not deemed necessary to discuss this structure of the patent.

"Carrier 1,059,976, in fig. 1, shows similar spray structure as Cramer et al. The patentee Carrier represents the spray discharge by a plurality of dotted intersecting cones. The other Carrier patent #1,-687,542 shows in several figures the cone-shiped discharge as intersecting and filling the entire cross-section of the air conduits. Fig. 9 of this patent is a very clear disclosure of this feature.

"The patents to Lane and Dye show special types of nozzles for obtaining a 'thin sheet of water' as set forth in page 1 lines 82 and 83 of Dye and for providing 'two unbroken diagonal water-sheets' as stated in page 1 lines 61 and 62 of Lane."

We deem it unnecessary to go into detail, as did the Primary Examiner, in comparing the references with appellant's application.

The only issue in the case is whether or not appellant's application discloses means "for forming and maintaining a sustained film of water having a plurality of pockets and extending completely across said conduit in all directions," which involved invention over the references. The tribunals of the Patent Office were of opinion that it did not. We are in accord with the views expressed by them.

In its decision, the Board of Appeals said: "Each of the appealed claims is substantially met in the patent to Cramer et al. and in each of the patents to Carrier, except for its reference to a sustained film of water. The examiner holds the conical spray in the patents as being at least the equivalent of applicant's conical films, and further calls attention to the patents to Dye and Lane, each of which discloses that in gas-washing apparatus it is old to provide a sustained film of water extending in all directions completely across the conduit through which the gases pass."

We have carefully examined the references relied upon, and are unable to say that the tribunals of the Patent Office reached the wrong conclusion.

Accordingly, claims 13 and 14 are dismissed, and the decision of the Board of Appeals is affirmed as to claims 15 and 16.

Affirmed.